## JOE BROWN v. STATE.

No. A-836.   Opinion Filed November 22, 1911.

Appeal from Jackson County Court; W. T. McConnell, Judge.

Joe Brown was convicted of violating the prohibitory law, and appeals.   Reversed and remanded.

S. B. Garrett, for plaintiff in error.

Smith C. Matson, Asst. Atty. Gen., for the State.

PER CURIAM.   Plaintiff in error was convicted at the April, 1910, term of the county court of Jackson county on a charge of selling intoxicating liquor.   Only two witnesses testified in the case, the prosecuting witness, whose testimony is not entirely satisfactory, and the defendant. The issue of fact was a close one.   The court in its instructions called the attention of the jury to the interest of the defendant in the result of the trial in the following language:

"The defendant in a criminal case has the right to testify in his own behalf, and you have the right to consider his testimony in the light of all the facts as you would the testimony of any other witness; however, you are the exclusive judges of all the testimony and credibility of the witnesses, and the weight to be given their testimony, and in considering their testimony, you may take into consideration the interest, if any, they have in the result of the case in considering their credibility; but for the law you will look alone to the charge of the court and be governed thereby."

We think this instruction is error sufficient to entitle the accused to a new trial in view of the testimony in the case.   The judgment is therefore reversed and the cause remanded with directions to the lower court to grant a new trial.

---

## W. J. CREEKMORE v. STATE.

No. A-794.   Opinion Filed November 22, 1912.

Appeal from Ottawa County Court; W. Y. Quigley, Judge.

W. J. Creekmore was convicted of violating the prohibitory law, and appeals.   Reversed and remanded.

O. L. Rider, for plaintiff in error.

Smith C. Matson, Asst. Atty. Gen., for the State.

PER CURIAM.   Plaintiff in error was tried and convicted in the county court of Ottawa county on a charge of violating the prohibitory law, by having the unlawful possession of intoxicating liquor for the purpose of unlawfully selling the same by himself and through Chas. Kelley, his servant and agent.   There is no proof in the record which shows that he had anything whatever to do with maintaining the place, or that there was any agreement or relation between him and Kelley. The judgment of the lower court is reversed and the cause remanded.